# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodrigo Contreras-Ramirez,<br><br>    Defendant/Movant,<br><br>v.<br><br>United States of America,<br><br>    Plaintiff/Respondent. | No. CV-15-01692-PHX-GMS (BSB)<br>CR-13-01001-PHX-GMS<br><br>**REPORT**<br>**AND RECOMMENDATION** |

This matter is before the Court on the government's motion to dismiss Movant's claims of ineffective assistance of counsel. (Doc. 22.) As set forth below, the Court recommends that the motion be granted.

Movant brings this action pursuant to 28 U.S.C. § 2255. (Doc. 5.) Movant's Amended Motion asserts multiple claims of ineffective assistance of counsel. (*Id.*) Therefore, on May 31, 2016, on the government's motion, the Court ordered Movant to file a signed waiver of his attorney-client privilege related to his Amended Motion (waiver form attached as Exhibit A to the May 31, 2016 Order), or file a notice of withdrawal of his claims of ineffective assistance and his claim of actual innocence to the extent that claim is based on ineffective assistance of counsel. (Doc. 15.) The Court gave Movant fourteen days from the date of the May 31, 2016 Order to comply. (*Id.*)

Rather than complying with the May 31, 2016 Order, Movant appealed that order to the assigned district judge. (Doc. 17.) On June 28, 2016, the assigned district judge denied Movant's appeal. (Doc. 18.) In view of that ruling, on June 29, 2016, the Court

extended the deadline for Movant to comply with the May 31, 2016 Order to fourteen days from the date of the June 29, 2016 Order. (Doc. 19.) The Court ordered that:

> in accordance with the Court's May 31, 2016 and June 28, 2016 Orders (Docs. 15 and 18), within fourteen days of the date of [the June 29, 2016 Order] Movant must either (1) file a signed copy of the Waiver attached as Exhibit A to the May 31, 2016 Order; or (2) file a notice of withdrawal of his claims of ineffective assistance of counsel and his claim of actual innocence to the extent that claim is based on the ineffective assistance of counsel.

(Doc. 19 at 2.)

The Court warned Movant that failure to comply with its order may result in dismissal of Petitioner's claims of ineffective assistance of counsel pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. 19 at 2.) Despite the Court's warning, Movant did not comply with the Court's order.

On September 9, 2016, the government filed a motion to dismiss Movant's claims of ineffective assistance of counsel based on Movant's failure to comply with the Court's orders. (Doc. 22.) Thereafter, on September 13, 2016, the Court ordered Movant to show cause on or before September 27, 2016, why it should not dismiss his claims of ineffective assistance of counsel for failure to comply with Court orders. (Doc. 23.) Movant has not responded to the September 13, 2016 Order and has not signed a waiver of his attorney-client privilege or filed a notice of withdrawal of his claims of ineffective assistance or his claim of actual innocence to that extent that claim is based on the ineffective assistance of counsel. (*See* Doc. 19 at 2.)

Based on Movant's continued failure to comply with Court's orders, the Court recommends that Movant's claims of ineffective assistance of counsel and his claim of actual innocence that is based on the ineffective assistance of counsel be dismissed. As the Court noted in its May 31, 2016 Order, "a proper response to Movant's claims requires evidence that is protected by the attorney client privilege. Thus, Respondent cannot properly respond to these claims if Movant asserts his attorney client privilege." (Doc. 15 at 2.) Accordingly, Movant's failure to execute the limited waiver of his

attorney-client privilege related to his claims of ineffective assistance of counsel raised in his Amended Motion impedes the government's ability to respond to those claims. Additionally, Movant's failure to execute the limited waiver or withdraw his claims of ineffective assistance of counsel violates the Courts orders.

Accordingly,

**IT IS RECOMMENDED** that the Government's Motion to Dismiss (Doc. 22) be **GRANTED** and that the Court dismiss Movant's claims of ineffective assistance of counsel asserted in the Amended Motion. (Doc. 5 at 6; Doc. 5-1 at 2-6, 5-1 at 9-10, 13; *See* Doc. 6 at 2-3.)

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 20th day of October, 2016.

_____
Bridget S. Bade
United States Magistrate Judge