# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodrigo Contreras-Ramirez,<br>   Movant/Defendant,<br>v.<br>United States of America,<br>   Respondent/Plaintiff. | No. CV-15-01692-PHX-GMS (BSB)<br>CR-13-01001-PHX-GMS<br>**REPORT AND RECOMMENDATION** |

Movant/Defendant Rodrigo Contreras-Ramirez (Defendant) has filed an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 5.) Respondent/Plaintiff, the United States of America (the government), asserts that the Court should deny the amended motion because Defendant is not entitled to relief. (Doc. 32.) Defendant has not filed a reply and the time to do so has passed. As set forth below, the Court recommends that the amended motion be denied.

**I. Procedural History**

On July 16, 2013, Defendant was indicted in this Court on one count of reentry of removed alien, in violation of 8 U.S.C. § 1326(a). (CR. Doc. 12.)[1] Pursuant to a plea agreement, on November 17, 2014, Defendant pleaded guilty to illegal reentry. (CR Doc. 45, 46.) The Court sentenced Defendant to thirty-eight months' imprisonment to be followed by three years' supervised release. (CR Doc. 45.)

---

[1] Citations to "Doc." are to the docket in CV-15-01692-PHX-GMS (BSB). Citations to "CR Doc." are to the docket in CR-13-01001-PHX-GMS.

On August 24, 2015, Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) On October 16, 2015, Defendant filed an amended motion alleging multiple claims of ineffective assistance of counsel, prosecutorial misconduct, and actual and legal innocence of the crime of illegal reentry. (Doc. 5.) On May 31, 2016, on the government's motion, the Court ordered Defendant to file a signed waiver of his attorney-client privilege related to his amended motion (attached as Exhibit A to the May 31, 2016 Order), or file a notice of withdrawal of his claims of ineffective assistance and his claim of actual innocence to the extent that claim was based on ineffective assistance of counsel. (Doc. 15.) The Court directed Defendant to comply within fourteen days from the date of the May 31, 2016 Order. (*Id.*)

Defendant appealed that order to the assigned district judge. (Doc. 17.) On June 28, 2016, the assigned district judge denied Defendant's appeal. (Doc. 18.) On June 29, 2016, the Court extended the deadline for Defendant to comply with the May 31, 2016 Order to fourteen days from the date of that order. (Doc. 19.) The Court warned Defendant that failure to comply with its order may result in dismissal of his claims of ineffective assistance of counsel pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. 19 at 2.) Despite the Court's warning, Defendant did not comply with the Court's order.

On September 9, 2016, the government filed a motion to dismiss Defendant's claims of ineffective assistance of counsel based on Defendant's failure to comply with the Court's orders. (Doc. 22.) On September 13, 2016, the Court ordered Defendant to show cause why it should not dismiss his claims of ineffective assistance of counsel for failure to comply with Court orders. (Doc. 23.) Defendant did not respond to the September 13, 2016 Order. Based on Defendant's continued failure to comply with Court's orders, the assigned magistrate judge issued a report and recommendation recommending the dismissal of Defendant's claims of ineffective assistance of counsel and his claim of actual innocence that was based on the ineffective assistance of counsel. (Doc. 24.) Defendant did not file an objection. (Doc. 27.) On November 14, 2016, the

assigned district judge adopted the report and recommendation and granted the government's motion to dismiss. (*Id*.) As a result, the only remaining claim is Defendant's claim of actual and legal innocence of the crime of illegal reentry.[2]

## II. Defendant's Actual Innocence Claim

Defendant's remaining claim asserts that he is actually innocent of the crime of illegal reentry. (Doc. 5 at 8; Doc. 5-1 at 12-15.)[3] Defendant argues that he is a United States citizen based on his relationship with his stepfather John Edward Hutchins, and based on the issuance of a United States passport on June 3, 2016. (Doc. 5 at 8; Doc. 5-1 at 12-15; Doc. 16 at 8.) As set forth below, assuming a freestanding claim of actual innocence is properly before the Court, Defendant has not established such a claim.

The Supreme Court "has not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggin v. Perkins*, ___U.S.___, 133 S. Ct. 1924, 1931 (2013) (citing *Herrera v. Collins*, 506 U.S. 390, 404–05 (1993)). Thus, Defendant's freestanding claim of actual innocence does not appear to be a recognized claim that is subject to § 2255 review. However, the Ninth Circuit has assumed that freestanding actual innocence claims are cognizable on habeas corpus review, and has articulated an applicable standard of proof. *See Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc). "[A] habeas petitioner asserting a freestanding innocence claim must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." *Carriger*, 132 F.3d at 476 (citing *Herrera*, 506 U.S. at 442–44 (Blackmun, J., dissenting)).

---

[2] The amended motion includes a claim for prosecutorial misconduct and a claim that the government's reinstatement and entry of the deportation order was fundamentally unfair. (Doc. 5, Doc. 6 at 1-2 (identifying Defendant's claims).) However, these claims are based on Defendant's central assertion that he is legally innocent of illegal reentry because he is a United States citizen and are otherwise interwoven with Defendant's dismissed claims of ineffective assistance of counsel. Therefore, the Court does not separately address these claims. (Doc. 5 at 13-18; Doc. 5-1 at 1-15.)

[3] Defendant's allegations of actual innocence are concentrated in Ground Four. (*See* Doc. 6 at 2.)

- 3 -

In *United States v. Bousley*, 523 U.S. 614, 623 (1998), the Supreme Court defined "actual innocence" as "factual innocence, not mere legal insufficiency." *Id.* Therefore, in response to an actual innocence claim, the government "is not limited to the existing record to rebut any showing" of actual innocence a defendant may make. *Id*. Rather, the government may "present any admissible evidence" of defendant's guilt "even if that evidence was not presented during the plea colloquy." *Id*.

In the amended motion, Defendant argues that he is factually innocent of the crime of illegal reentry because he is a citizen of the United States, which would negate an element of that crime. (Doc. 5 at 8; Doc. 5-1 at 12-15); *see* 8 U.S.C. § 1326(a). After Defendant served his sentence for illegal reentry and was removed to Mexico, on June 3, 2016, Defendant was issued a United States passport. (Doc. 16 at 8.) Defendant filed a copy of that passport with the Court as proof that he was a citizen of the United States and innocent of the crime of illegal reentry. (*Id.*) However, as set forth below, the record evidence shows that Defendant is not a United States citizen and, therefore, he is not legally innocent of the crime of conviction. That evidence includes Defendant's statements during the change of plea hearing in June 2014, and the revocation of his passport in March 2017.

Defendant's guilty plea is a relevant factor in determining whether he establishes a claim of actual innocence. As the government argues, Defendant's guilty plea undermines his claim. *See Chestang v. Sisto*, 522 Fed. App'x. 389, 390 (9th Cir. 2013) (stating that the fact that petitioner pleaded guilty to charges while being represented by counsel, while not outright precluding actual innocence claim, "seriously undermine[d]" petitioner's claim that another committed the crime); *Smith v. Baldwin*, 510 F.3d 1127, 1140 (9th Cir. 2007) (assuming that the gateway actual innocence exception applies in guilty plea context). Defendant's statements made during the change of plea hearing "carry a strong presumption of truth." *Moth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012). On June 23, 2014, Defendant pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326(a) pursuant to a plea agreement. (CR Docs. 34, 58.) As part of the

factual basis for his guilty plea in the plea agreement, and during the change of plea hearing, Defendant admitted that he "was not a citizen or national of the United States," but was an alien. (CR Doc. 46 at 7-8; CR Doc. 58 at 21.) Thus, Defendant's own statements establish the element of illegal reentry — Defendant's status as an alien — that Defendant contests in his amended motion. (*See* CR Doc. 46 at 7 (articulating the elements of the offense); CR Doc. 58 at 21-22 (same).)

Additionally, in March 2017, the United States Department of State revoked Defendant's passport, which had been issued on June 3, 2016. (Doc. 32, Ex. 1.) The Department of State explained that it had determined that the passport was not properly obtained or had been erroneously issued. (*Id.*) The passport was revoked because the evidence that Defendant provided to the United States Department of State failed to establish that John Hutchins, a United States citizen, was Defendant's biological father or that Mr. Hutchins had adopted Defendant. (*Id.*) Thus, Defendant could not acquire United States citizenship through Mr. Hutchins. (*Id.*) The office of the United States Immigration and Customs Enforcement (ICE) in Arizona had reached this same conclusion in 2012. (Doc. 32, Ex 2 (explaining that an individual cannot derive U.S. citizenship from a relationship with a non-adoptive step parent).) In response to Defendant's amended motion, counsel for the government states that she spoke with counsel for ICE in Texas, and they indicated that ICE reached the same conclusion in 2016 before Defendant was removed from the United States on March 3, 2016. (Doc. 32 at 4.) The government does not provide any additional support for this statement, but Defendant does not dispute it.

Upon review of the record, the Court concludes that Defendant has not shown that he is actually innocent of the crime of illegal entry or that he is otherwise entitled to relief under § 2255.

Accordingly,

**IT IS RECOMMENED** that Defendant's amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 5) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Defendant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 28th day of August, 2017.

_____
Bridget S. Bade
United States Magistrate Judge